THE STATE OF OHIO *v.* BLIND ASSOCIATES, INC.

[Cite as State v. Blind Associates, Inc., 4 Ohio Misc. 129.]

(No. 42155—Decided February 11, 1965.)

INJUNCTION: Court of Common Pleas of Lake County.

*Mr. Fred V. Skok* and *Mr. Barry M. Bryon,* for plaintiff.

CLAIR, J. This cause came on to be heard on the defendant's demurrer to the plaintiff's petition, and the briefs of the parties.

The petition is brought under the provisions of Sections 2911.41 and 2911.42, Revised Code, and sets forth the facts that the defendant, an Ohio corporation, is engaged in the business of the distribution and sale of products purportedly manufactured or assembled by persons who are blind or visually handicapped; that the defendant is engaged in a course of conduct of soliciting sales of said products by making random telephone calls from its central office located in Youngstown, Ohio, to various persons residing in Lake County; and it is alleged that in the course of these telephone calls certain misrepresentations are made to the recipients of the phone calls. To this petition the defendant has filed his demurrer and brief, in which it is contended primarily that the making of such telephone calls does not fall within the statutory prohibition of Section 2911.41, Revised Code, and that a telephone call to an individual does not constitute an advertisement or announcement.

Neither counsel cites any case in point, nor has this court been able to find any citation which would come anywhere near

being on all fours. However, the question of advertising in general has been discussed in the Cleveland Marshall Law Review, Volume 8, particularly in the introduction written by Judge Skeel of the Cuyahoga County Court of Appeals, where at page 6 he states as follows:

"The ability of the common law to adopt desirable revisions of established legal principles, and yet to maintain stability, has been the basis of its strength as a world legal system. It certainly is desirable to continue the legal principles of express warranty, as defined by the common law, and to hold liable one who induces a sales transaction to his benefit by direct and untrue statements to the buyer as to the quality or desirability of the goods sold."

The practice of conducting solicitation by phone has been of growing importance in the field of advertising and solicitation of sales. However, in this case we find the statute under which the prosecuting attorney has brought this action in the criminal section of the Ohio Revised Code, and of course there are no common-law crimes in Ohio. While it is true that equity will not grant an injunction against the commission of a crime in ordinary cases, this appears to be one of the exceptions (29 Ohio Jurisprudence 2d 304, Injunctions, Section 105).

This court is therefore of the opinion that the actions of the defendant in making random solicitations of its products throughout Lake County may be in violation of the sections above referred to. The court is also of the opinion that since random solicitation does constitute an announcement within the meaning of Section 2911.41, Revised Code, the demurrer should be overruled.

*Demurrer overruled.*